UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-bk-03226-MGW
Chapter 13

STEPHEN J. AYOUB,

      Debtor.

_____/

## MOTION TO VACATE OR RECONSIDER ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS
### (3333 San Jose St., Clearwater, Florida 33759)

Secured Creditor, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A ("WILMINGTON"), through counsel, files its Motion to Vacate or Reconsider Order Granting Emergency Motion for Authority to Sell Real Property Free and Clear of Liens [DE 30] and as grounds therefore states:

## INTRODUCTION

On August 24, 2022, Debtor filed an Emergency Motion for Authority to Sell Real Property Free and Clear of Liens. Debtor's premise for his Emergency Motion was that the Buyer was going to walk unless the parties closed on August 25, 2022. [See Mtn. ¶10]. As of the date below, the parties have not closed. According to Debtor's counsel, on August 29, 2022, the holdup is with the underwriter being weary of a 363 sale. It is hard to imagine the underwriter was not aware of the 363 sale prior to Debtor seeking approval from the Court. Debtor believes the Buyer is still willing to go forward with the sale despite Debtor's comments to the contrary that the Buyer would walk if the transaction did not close on August 25, 2022.

The 363 Order is vague on its terms as it does not provide for what is to occur if the Debtor failed to close by the closing date. The Order provides Closing Date as a defined term,

but fails to specify a date. The representation to the Court, however, by Debtor's counsel was that closing must have occurred on August 25, 2022 or the Buyer would walk.

In addition to the above, the Order appears to violate section 1322(b)(2) of the Bankruptcy Code as the Debtor has represented to this Court in a prior filing, specifically its motion for mortgage modification mediation [DE 12], that this property is his primary residence. The Court, at a minimum, should require the determination of homestead to occur before allowing the sale, which appears to no longer be as imminent as the Debtor represented to the Court. As otherwise, the 363 sale violates the anti-modification clause of the Bankruptcy Code.

Thus, the Court should vacate the Order for the Debtor's failure to timely close or reconsider its Order.

## BACKGROUND AND PROCEDURAL HISTORY

1.      On August 10, 2022, the Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code ("Petition Date") [DE 1].

2.      On August 17, 2022, the Debtor filed his Motion for Referral to Mortgage Modification Mediation ("MMM") [DE 12] stating the subject property is his primary residence.

3.      On August 18, 2022, this Court entered an Order Granting Debtor's MMM [DE 13].

4.      On August 24, 2022, Debtor filed an Emergency Motion for Authority to Sell Real Property and Clear of Liens [DE 19].

5.      Apparently, the sale is to a buyer that has been using the property rent-free for two years.

6.      The Contract has been in place for over two years and was just recently updated to extend closing.

7.      On August 25, 2022, after conducting an emergency hearing, the Court entered the Debtor's proposed order with some slight write-ins based on Wilmington's objection and argument; however, the Order is still vague as to what happens if the Debtor fails to close on August 25, 2022.

8.      The 363 Order requires the primary residence determination to occur after the property is being sold in violation of 1322(b)(2).

9.      The Court should vacate the order as Debtor failed to timely close or reconsider its order to provide more details.

WHEREFORE, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A, prays this Court will enter an Order vacating the 363 Order and such other relief this Court deems appropriate.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by electronic mail via CM/ECF and/or U.S. Mail to: Mark F. Robens, Esq., Attorney for Debtor at mrobens.ecf@srbp.com; Kelly Remick, Chapter 13 Trustee, at ecf@ch13tampa.com;United States Trustee at USTP.Region21.OR.ECF@usdoj.gov, and Stephen J. Ayoub, 700 N. Osceola Ave., #602, Clearwater, FL 33755, on this 29th day of August, 2022.

LAW OFFICES OF MANDEL,
MANGANELLI & LEIDER, P.A.
*Attorneys for Wilmington Savings*
1900 NW Corporate Blvd., Suite 305W
Boca Raton, FL 33431
Telephone: (561) 826-1740
Facsimile:  (561) 826-1741

BY:___*/s/ Christian Savio*_____
     CHRISTIAN SAVIO, ESQ.
     FLORIDA BAR NO. 84649
     csavio@mml-pa.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERVICE LIST
CASE NO. 8:22-bk-03226-MGW

Mark F. Robens, Esq.
Stichter, Riedel, Blain & Postler, PA
110 East Madison Street, Suite 200
Tampa, FL 33602
mrobens.ecf@srbp.com
*(Attorney for Debtor)*

Kelly Remick
Post Office Box 89948
Tampa, FL 33689
ecf@ch13tampa.com;
*(Chapter 13 Trustee)*

United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E. Polk St.
Tampa, FL 33602
USTPRegion21.TP.ECF@USDOJ.GOV;
*(U.S. Trustee)*

Stephen J. Ayoub
700 N. Osceola Ave., #602
Clearwater, FL 33755
*(Debtor)*

)