# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:	Case No. 8:22-bk-03226-MGW
	Chapter 13
STEPHEN J. AYOUB,

Debtor(s)[1]
_____/

## TRUSTEE'S MOTION FOR RECONSIDERATION
## OF ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY
## TO SELL REAL PROPRTY FREE AND CLEAR OF LIENS  (DOC. NO. 30)

**COMES NOW**, Kelly Remick, Chapter 13 Standing Trustee (the "Trustee"), by and through her undersigned attorney, and files this, the Trustee's Motion for Reconsideration of Order Granting Emergency Motion for Authority to Sell Real Property Free and Clear of Liens (Doc. No. 30) (the "Order"), and in support thereof would state as follows:

1.The Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on August 10, 2022.  The Debtor filed a slip petition without a plan, schedules, statement of financial affairs, or other required documents.

2.During the afternoon of August 24, 2022, the Debtor filed an emergency motion (Doc. No. 19) ("the Sale Motion") to sell certain real property located at 3333 San Jose St., Clearwater, FL 33759 (the "San Jose Property") free and clear of liens.  The basis of the emergency set forth in the certificate of necessity (Doc. No. 20) accompanying the Sale Motion was that "on August 22 [two days prior] the Buyer informed the Debtor that if the parties cannot close by August 25, 2022, the Buyer is going to cancel the Contract and demand return of the Deposit per the terms of the Contract."

3.The Debtor later that day filed the Debtor's Schedules, Statement of Financial Affairs, and Official Form 122C-1.  To date, the Debtor has not filed a plan.

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

4.     At 2:44 p.m. on August 24, 2022, the Debtor filed a notice of hearing on the Sale Motion for an emergency hearing at 9:30 a.m. on August 25, 2022.

5.     This notice was insufficient to notify the Trustee that this emergency hearing was taking place. The Trustee was unaware that a hearing on the Sale Motion was taking place until after the hearing had already been concluded. While counsel for the Debtor indicates that counsel attempted to call the Trustee's office the morning of August 25, 2022, it does not appear that counsel left a message, sent an email, or took any of the actions that are routinely required to notify necessary parties of an emergency hearing. Accordingly, neither the Trustee nor her counsel attending the emergency hearing.

6.     At the emergency hearing, the Court granted emergency relief permitting the sale of the San Jose Property to take place free and clear of liens, resulting in entry of the Order. However, the Trustee was not present and was unable to make inquiry as to certain inconsistencies present and/or issues not addressed in the Sale Motion, including but not limited to:

    a. Why the Debtor and the Estate would not benefit from the voluntary termination of the 2020 contract in light of the 2022 real estate market (i.e. what was the fair market value of the San Jose Property – was there a <u>current</u> appraisal that should have been considered);

    b. What was the relationship of the Debtor to the Buyer such that the Buyer was permitted to occupy the San Jose property for almost two years without consideration other than maintaining a deposit in connection with the proposed sale;

    c. Why did the Debtor and the Buyer execute an addendum placing a time limit for closing of August 25 when the prior addendum had no such deadline;

    d. Why did the Buyer decide post-petition, on August 22 that the Buyer would require a closing on August 25 or he would not extend the contract;

    e. Why the Court should consider this relief in light of the fact that the Debtor has not filed a plan of reorganization and only recently filed schedules, such that limited information was and is available to parties in interest;

    f. What is the Debtor's relationship to the San Jose Property; and

    g. In light of the fact that the Debtor filed Schedules on August 24, and the lack of notice to the Trustee, were other parties not notified of the Sale Motion or the emergency hearing thereon that should have been heard.

7. It appears from the motion for reconsideration (Doc. No. 37) filed by Wilmington Savings Fund Society, FSB, that the sale of the San Jose Property did not occur on August 25. Accordingly, reconsideration or vacation of the Order is further appropriate on this basis.

8. The undersigned has requested the information and documentation sought herein from Debtor's counsel, requesting the same by September 1, 2022, but has not yet received a response. The Trustee may modify or supplement this motion based upon new information furnished by Debtor's counsel.

**WHEREFORE**, the Trustee would pray this Court to vacate or otherwise reconsider the Order, hold a non-emergency hearing on the Sale Motion, and for any and all such other relief as this Court shall deem appropriate and just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail and/or CM/ECF to: STEPHEN J. AYOUB, 700 N Osceola Ave., #602, Clearwater, FL 33755; MARK F. ROBENS, Stichter, Riedel, Blain & Postler, PA, 110 E. Madison St., Ste. 200, Tampa, FL 33602; on this 30th day of August, 2022.

/s/ Lydia M. Gazda, Esquire
LYDIA M. GAZDA, ESQUIRE
Post Office Box 89948
Tampa, Florida 33689-0416
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0071842
Attorney for the Trustee

KR/LMG/ct