ORDERED.

Dated: October 07, 2022

*Catherine McEwen* (signature)
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                             Chapter 13

STEPHEN J. AYOUB,                                    Case No. 8:22-bk-3226-MGW

    Debtor.
_____/

**ORDER DIRECTING AUCTION OF REAL
PROPERTY FREE AND CLEAR OF LIENS
(3333 San Jose St., Clearwater, Florida 33759)**

THIS CASE came before the Court on September 13, 2022 at 11:00 a.m. on the *Motion to Vacate or Reconsider Order Granting Emergency Motion for Authority to Sell Real Property Free and Clear of Liens (3333 San Jose St., Clearwater, Florida 33759)* (Doc. No. 37) (the "**Wilmington Motion**") filed by Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust VI-A ("**Wilmington**") and the *Motion for Reconsideration of Order Granting Emergency Motion for Authority to Sell Real Property Free and Clear of Liens (Doc. No. 30)* (Doc. No. 38) (the "**Trustee Motion**") filed by Kelly Remick, the Chapter 13 Standing Trustee (the "**Trustee**") of the *Order Granting Emergency Motion for Authority to Sell Real Property Free and Clear of Liens (3333 San Jose St., Clearwater, Florida 33759)* (Doc. No. 30) (the "**Emergency**

1

**Sale Order**"). By separate order, the Court grants the Wilmington Motion and the Trustee Motion. For the reasons stated in open Court, which shall constitute the decision of the Court, the Court *sua sponte* directs Stephen J. Ayoub (the "**Debtor**") to sell the Property, defined below, as set forth in more detail below. Accordingly, it is:

**ORDERED** that:

1. The Debtor, as the seller, is authorized to market and sell the real property located at 3333 San Jose St., Clearwater, Florida 33759, as more particularly described as

> LOTS 163 THROUGH 168 OF DEL ORO GROVES, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 12, PAGE 2 OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

(the "**Property**") through a public auction (the "**Auction**") to be completed no later than **December 9, 2022**, free and clear of all interests, claims, and encumbrances, and interests of any kind pursuant to Section 363(f)(4) and (f)(5) of Title 11, United States Code (the "**Bankruptcy Code**").

2. The Property shall be sold "As Is" to the bidder (the "**Winning Bidder**") with the highest and best offer (the "**Winning Bid**") that equals or exceeds the Minimum Bid. Only cash bids, in U.S. currency will be accepted as the winning bid (the "**Auction Proceeds**"). The sale of the Property is contingent on the Winning Bid exceeding the Closing Costs (as defined below), the Auctioneer's Commission (as defined below), and Wilmington Undisputed Claim (as defined below).

3. On the date of the Auction, the Winning Bidder shall deposit with the Auctioneer (as defined below) no less than an amount sufficient to cover the Auctioneer's Commission (as defined below) plus percentage of the Winning Bid as determined by the Auctioneer (the "**Earnest Money Deposit**").

4. The Debtor is authorized to employ an auctioneer or other professional sufficiently qualified to conduct an auction of residential real property (the "**Auctioneer**"). The Debtor is directed

to consult with Wilmington regarding the selection of the Auctioneer. By no later than **September 20, 2022**, the Debtor shall file with the Court a Notice of Selection of Auctioneer. Further, the Debtor shall file an application to employ Auctioneer pursuant to Section 327 of the Bankruptcy Code, which shall disclose the sales commission for the Auctioneer (the "**Auctioneer's Commission**").

5.  The Court acknowledges that there is a bona fide dispute within the meaning of Section 363(f)(4) of the Bankruptcy Code (the "**Wilmington Disputed Claim**") between the Debtor and Wilmington, a secured creditor, with respect to Wilmington's secured interest in the Property over the amount of $490,000 (the "**Wilmington Undisputed Claim**"). Therefore, pursuant to Section 363(k) of the Bankruptcy Code, the Courts finds that there is cause to prohibit Wilmington from credit bidding the amount of its claim at the Auction.

6.  Darrel Stein ("**Stein**"), the buyer identified in the *Emergency Motion for Authority to Sell Real Property Free and Clear of Liens (3333 San Jose St., Clearwater, Florida 33759)*, is welcome and invited to participate in the Auction. Nothing in this Order shall operate to impair any bid submitted by Stein for the purchase of the Property.

7.  This Court's approval of the sale is reserved pending hearing to confirm the sale result. A sale hearing to confirm the sale result shall be held on **December 15, 2022, at 9:30 a.m.** (the "**Sale Hearing**") in Courtroom 8A, Sam Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida. Any objection to the sale result shall be filed no later than seven days before the Sale Hearing (the "**Sale Objection Deadline**").

8.  Pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code and upon the selection of the Winning Bidder, confirmation of the sale at the Sale Hearing, and payment of the Winning Bid, the Property shall be transferred to the Winning Bidder free and clear of all clear of all liens, claims, encumbrances, and interests, and debts arising in any way in connection with any acts of

the Debtor, claims (as defined in §101(5) of the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature arising prior to the date on which title to the Property is transferred to the Winning Bidder, which shall occur no later than fourteen (14) calendar days after the Auction, unless extended by the Court for cause (the "**Closing Date**"), or relating to acts occurring prior to the Closing Date, and whether imposed by agreement understanding, law, equity or otherwise.

9. In the event that the Property fails to transfer to the Winning Bidder by the Closing Date, (i) the Winning Bidder shall forfeit the Earnest Money Deposit unless the failure to close is not the fault of the Winning Bidder, and (ii) the Auctioneer shall notify the next bidder with the next highest and best bid in excess of the Minimum Bid (the "**Backup Bidder**") that the Backup Bidder is now the Winning Bidder.

10. The Auctioneer shall collect the Auction Proceeds from the Winning Bidder. The Auctioneer is authorized to disburse all usual and necessary closing costs associated with the Auction and pay prorated 2022 property taxes to the Pinellas County Tax Collector from the Auction Proceeds (the "**Closing Costs**"). The Auctioneer's Commission shall be paid from the proceeds of the Auction only (i) upon approval of the application to employ Auctioneer and (ii) confirmation of the Auction at the Sale Hearing without further order of the Court.

11. All liens, claims, interest, encumbrances, shall attach to the Auction Proceeds to the same extent, validity, and priority as existed on the Petition Date, including without limitation any secured claims of Wilmington, Financial Portfolios II, LLC (The Bank of Tampa), or the Estate of Janis English.

12. The Auctioneer is directed to escrow the Auction Proceeds, after payment of Closing Costs, the Auctioneer's Commission, and disbursement of Wilmington Undisputed Claim to

Wilmington. Following the completion of the Auction and upon the filing of a motion by any party-in-interest, including without limitation the Debtor, Wilmington, any creditor, the Auctioneer, the Trustee, and the United States Trustee's Office, the Court will enter further orders directing the distribution of the Auction Proceeds.

13. The Debtor, as seller, and the Winning Bidder, as buyer, are authorized and directed to execute and deliver all documents and to take all appropriate actions necessary to evidence and consummate the Auction and the transactions contemplated by such sale.

14. An arm's length, good faith Winning Bidder who is not an insider of the Debtor shall be entitled to the protections of Section 363(m) of the Bankruptcy Code.

15. This Court shall retain jurisdiction to (a) enforce and implement the terms and provisions of this Order, and each of the agreements, documents, and instruments executed in connection the proposed sale; (b) compel the Debtor to execute documents necessary to transfer title to the Property to the Winning Bidder; (c) compel the Winning Bidder to transfer the Auction Proceeds to the Auctioneer, or as the Court directs; (d) enter orders terminating any occupancy agreement regarding the Property and enter any order of ejectment of any unauthorized occupant in the Property to be served by the United States Marshals or the Pinellas County Sheriff's Office; (e) resolve any dispute, controversy, or claim arising out of or relating to the sale of the Property; and (f) protect the Winning Bidder against all liens, claims, interest or encumbrances against or in the Property.

*Attorney Mark F. Robens is directed to serve a copy of this order on all parties in interest who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*