UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                  Chapter 13

STEPHEN J. AYOUB,                                        Case No. 8:22-bk-3226-MGW

      Debtor.

_____/

**DEBTOR'S RESPONSE TO MOTION TO COMPEL INSPECTION
OF REAL PROPERTY AND FOR ATTORNEY'S FEES AND COSTS**
**(3333 San Jose St., Clearwater, Florida 33759)**

Stephen J. Ayoub (the "**Debtor**") respectfully requests the entry of an order denying the

*Motion to Compel Inspection of Real Property and for Attorneys' Fees and Costs* (the "**Motion**")

filed by Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit

Opportunities Trust VI-A ("**Wilmington**") for the inspection of 3333 San Jose St., Clearwater,

Florida 33759 (the "**Premises**"), and as grounds states the following:

**Introduction**

1.    Counsel for Wilmington indicated that an inspector for Wilmington accessed the

Premises on October 20, 2022.  Therefore, the relief requested is Moot.

2.    Further, the Debtor has *always* acted expeditiously to provide Wilmington with

access to the Premises. Wilmington's difficulties in accessing the Premises were largely beyond

the Debtor's control:

- Wilmington canceled the first date scheduled for the inspection (September 29, 2022) due to Hurricane Ian.

- On the second rescheduled date (October 6, 2022), the Debtor could not get in touch

with Darrel Stein[1] (the "**Occupant**" or "**Mr. Stein**") to obtain permission[2] for the inspection, so the Debtor was forced to cancel the inspection.

- Although Mr. Stein provided access codes to the garage for the inspection on October 13, 2022, none of the access codes worked.

- Mr. Stein provided a new code, and Wilmington was able to access the Premises on October 20, 2022.

Therefore, there is no evidence of bad faith.

<u>**Argument**</u>

3.      Wilmington's Motion is misplaced and improper on both application of the law and on the facts. On the facts, the Debtor has never opposed providing access to Wilmington for its inspection of the Premises, and indeed, Wilmington has actually inspected the Premises. Thus, the principal relief requested by Wilmington is moot. The Motion should be denied on that basis alone.

4.      Moreover, Wilmington's request for attorney's fees is legally improper. Wilmington has not identified any provision of any contract that allows for Wilmington to obtain attorneys' fees for the relief requested in this Motion. Even if it had, 11 U.S.C. § 506 prohibits an under-secured creditor from recovering attorneys' fees as part of its claim.

5.      If the Motion requests attorney's fees as a sanctions, then the Motion should be denied as well. Any sanctions imposed would decrease distributions made to other creditors. Therefore, any sanctions would unfairly punish creditors.

---

[1] Until very recently, all communication was through Mr. Stein's real estate agent, Lance Willard, who repeatedly refused to provide the contact information for Mr. Stein. The undersigned counsel obtained Mr. Stein's contact information through other means.

[2] Florida law prohibits a landlord from "self-help" and forced entry in a tenancy except in an emergency. *See* Fla. Stat. §§ 83.53, 83.59, and 83.67.

6.      Additionally, Wilmington does not reference any statute, rule of procedure, or case law that supports an imposition of attorneys' fees on the Debtor under this case. Further, Wilmington has not invoked the Court's inherent power under Section 105, and Wilmington does not make any reference to Bankruptcy Rule 7037 (or explain how Bankruptcy Rules 7026-7034 even apply to this Motion).  Additionally, there is no Court order directing an inspection. Due process requires more than a demand for attorneys' fees.[3]

7.      Further, there is absolutely no evidence of bad faith.  As stated above, the Debtor has *always* worked towards getting access to the Premises for Wilmington.  Thus, sanctions are not appropriate.

8.      Finally, Wilmington's Motion is improperly premised on Local Rule 4001-1(c)(7). Wilmington bases its inspection on the basis that its *Motion for Relief from Automatic Stay* (Doc. No. 27) (the "**Stay Relief Motion**") is a contested matter.  Local Rule 4001-1(c)(7), which is titled "Automatic Stay", provides that a movant shall be entitled to inspect the property that is the subject of a motion for stay relief.  The Debtor submits that the purpose of Local Rule 4001-1(c)(7) is to allow a creditor to determine whether there is equity in the subject property under Section 363(d)(2).

9.      However, the issue of equity in the property under Section 363(d)(2) is irrelevant where, as here, the Court has order the Premises to be sold under §§ 363(f)(4) *and* 363(f)(5). *See Order Directing Auction of Real Property Free and Clear of Liens (3333 San Jose St., Clearwater, Florida 33759)* (Doc. No. 68) (the "**Auction Order**"). The Debtor's equity under Section 362(d)(2)(A) *does not matter* where the sale of the property is necessary for the reorganization of

---

[3] *See Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006) (holding that "[t]he broad discretion of the district court to manage its affairs is governed, of course, by the most fundamental safeguard of fairness: the Due Process Clause of the Fifth Amendment").

the Debtor.  Here, the Court recognized that there was a bona fide dispute as to Wilmington's

Claim under Section 363(f)(4).  All net sale proceeds over and above Wilmington's allowed claim

will be distributed to other creditors.  Thus, the sale is necessary for the debtor's reorganization

and stay relief cannot be granted to Wilmington.

10.      Further, under the Auction Order, Wilmington's lien will transfer from the Premises

to the Net Sale Proceeds.  Therefore, it is adequately protected.

WHEREFORE, the Debtor respectfully requests the entry of an order (i) denying the

Motion; (ii) finding that Wilmington has already inspected the Premises; (iii) denying any award

of attorney's fees and costs to Wilmington, and (iv) granting such further relief as this Court deems

necessary and just.

DATED October 26, 2022

*/s/ Mark F. Robens*
Edward J. Peterson (FBN 0014612)
Mark F. Robens (FBN 0014612)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email:  epeterson@srbp.com;
          mrobens@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2022, the foregoing was filed with the Court's
CM/ECF Filing System, which shall serve a copy on all parties receiving CM/ECF noticing.

*/s/ Mark F. Robens*
Mark F. Robens