UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Case No: 8:22-bk-03226-MGW

STEPHEN J. AYOUB                                   Chapter 13

Debtor.

_____/

### NOTICE OF RULE 2004 EXAMINATION DUCES TECUM

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORUNITIES TRUST VI-A ("Secured Creditor"), through counsel,
pursuant to Fed.R.Civ.P. 34 and 45, Fed.R.Bankr.P. 2004, 7030, 7034, and 9016, and Local
Rule 3.04, will examine the Debtor, under oath on November 15, 2022, at 11:00 a.m. at Stichter,
Riedel, Blain & Postler, P.A., 110 E. Madison St., Suite 200, Tampa, Florida 33602.

The examination is pursuant to FRBP 2004 and Local Rule 3.04, and will be taken before
an officer authorized to record the testimony. The scope of the examination shall be as
described in FRBP 2004.

The Debtor shall produce the documents listed on Schedule "A" on or before November
11, 2022, to the offices of Mandel Manganelli & Leider, P.A., 1900 NW Corporate Blvd., Suite
305W, Boca Raton, Florida 33431, or by e-mail to csavio@mml-pa.com.

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished by electronic mail
via US Bankruptcy Court's CM/ECF system and/or by U.S. Mail to all Parties on the attached
Service List on this 8th day of November, 2022

LAW OFFICES OF MANDEL,
MANGANELLI & LEIDER, P.A.
*Attorneys for Wilmington Savings*
1900 NW Corporate Blvd., Suite 305W
Boca Raton, FL 33431
Telephone: (561) 826-1740
Facsimile:   (561) 826-1741

BY:   */s/ Christian Savio*
CHRISTIAN SAVIO
FLORIDA BAR NO. 84649
csavio@mml-pa.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERVICE LIST
CASE NO. 8:22-bk-03226-MGW


Mark F. Robens, Esq.
Stichter, Riedel, Blain & Postler, PA
110 E. Madison St., Suite 200
Tampa, FL 33602
mrobens.ecf@srbp.com
*(Attorney for Debtor)*

Lydia M. Gazda, Esq.
Office of Kelly Remick
PO Box 89948
Tampa, FL 33689
Lydia.g@CH13Tampa.com
*(Attorney for the Trustee)*

Kelly Remick
Post Office Box 89948
Tampa, FL 33689
ecf@ch13tampa.com
*(Chapter 13 Trustee)*

United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E. Polk St.
Tampa, FL 33602
USTPRegion21.TP.ECF@USDOJ.GOV
*(U.S. Trustee)*

Stephen J. Ayoub
700 N. Osceola Ave., #602
Clearwater, FL 33755
*(Debtor)*

## SCHEDULE "A"

## DEFINITIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A.    "YOU", "YOUR" or "EXAMINEE" shall refer to Stephen J. Ayoub.

B.    "DEBTOR" shall refer to the Debtor, Stephen J. Ayoub and includes any employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, trust or entities acting on behalf or under control of the Debtor.

C.    "Petition Date" shall mean August 10, 2022.

D.    "Bank accounts" shall mean any checking, savings, certificates of deposit and other deposit accounts held by a financial institution, bank or credit union.

E.    "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any contractual obligation.

F.    "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital; analog; electronic; magnetic; telephone, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

G.    "Concerning", "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, related to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

H.    "Contract" or "contracts" shall mean (a) an agreement, oral or written, between two or more Persons which create an obligation to do or not to do a particular thing, and (b) any document which serves as proof of obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

I.    "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or accounts; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact disc; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic; electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journal; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements, prospectuses, receipts; recordings; releases; reports schedules; signature cards; sound recordings; spreadsheets; statements; statement of cash flow; statistical records; stock

certificates; summaries of account; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these request. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in theirs desks, at home, or elsewhere.

      J.       "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

      K.       The term "ESI" shall mean any and all electronically stored information, including e-mails, texts, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

      L.       "Information" shall be expansively construed and shall include, but not limited to facts, data, opinions, images, impressions, concepts and formulae.

      M.       "Person" means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

      N.       "Relating to," "related" or "relating" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

      O.       When referring to a person, the term "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in respond to subsequent discovery requesting the identification of that person.

      P.       When referring to a document, the term "Identify" shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

      Q.       When referring to a communication other than a document, the term "Identify" shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identify of the person originating the call, the identity of the

person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identify, including name and e-mail address, of the person originating the e-mail; the identity of identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in Person, the identity of all person present during the communication and location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

R.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside the scope.

S.     The words "any", "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

T.     The use of the singular form of any word includes plural and vice versa.

U.     The use of masculine form of any word includes the feminine form and the neuter form, vice versa.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A.     This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such additional information or documents.

B.     Examinee is hereby notified that his duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7036. If You are unable to located any requested information or document after exercising due diligence to secure the requested document, so state.

C.     In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D.     If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all person to whom the document was distributed, shown or explained; and (5)

such other information as is sufficiently to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the address to each other.

E.      In the event that any document called for has been destroyed, discarded, or otherwise disposed or, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F.      In producing documents requested herein, You shall produce documents in full, without abridgement, abbreviation, and expurgation of any sort.

G.      To the extend this request seeks production of ESI residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow later any metadate associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive or all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall meant he format that the data was original created in. This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

H.      All archived data being produced in response to this Request should be provided with the means to view and export such data. Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs, or other documents among such paper documents that would otherwise loose the color format should be scanned in .JPEG or other standard color format.

I.      All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

## DOCUMENTS

1.      Complete copy of Your filed relating to the mortgage(s) of the real property located 3333 San Jose St., Clearwater, Florida 33759, Parcel ID#09-29-16-20826-000-1630, including but not limited to: the HUD-1, mortgage(s), applications, correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.

2.      Complete copy of Your filed relating to the purchase of the real property located 700 N. Osceola Ave., #602, Clearwater, Florida 33755, including but not limited to: the HUD-1, mortgage(s), correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.

3.      Complete copy of Your filed relating to the mortgage recorded on October 23,

2020 – instrument #2020318728 of the real property located 700 N. Osceola Ave., #602, Clearwater, Florida 33755, including but not limited to: the HUD-1, correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.

   4. All documents evidence the source of funds used to satisfy the mortgage related to instrument #2020308329 – Satisfaction of Mortgage.

   5. All documents evidencing the source of funds related to the purchase of the real property located at 700 N. Osceola Ave., #602, Clearwater, Florida 33755.

   6. A copy of the Stephen Ayoub Revocable Trust dated July 6, 2022.

   7. Copies of W-4 for the last two years.

   8. Copies of any agreements with Karama Juice Bar.