UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 13

STEPHEN J. AYOUB,                                 Case No. 8:22-bk-3226-MGW

      Debtor.
_____/

**DEBTOR'S OBJECTION TO NOTICE OF RULE 2004 EXAMINATION
DUCES TECUM AND MOTION FOR PROTECTIVE ORDER**

Stephen J. Ayoub (the "**Debtor**"), pursuant to Federal Rules of Bankurptcy Procedure 7026(c) and 7034 and Local Rule 2004-1(c), objects to the *Notice of Rule 2004 Examination Duces Tecum* (Doc. No. 91) (the "**2004 Exam Notice**") filed by creditor Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A ("**Wilmington**"), and respectively requests the entry of a protective order with respect to certain requests for documents in the 2004 Exam Notice, and states the following in support:

**Introduction**

The 2004 Exam Notice does not provide the Debtor reasonable notice to produce documents as required by L.R. 2004-1(c). Wilmington filed the 2004 Exam Notice on November 8, 2022 and scheduled the examination for November 15. For the first time, the 2004 Exam Notice also sought the production of documents included 8 categories of documents, which are quite broad. The Debtor is unable to produce extensive documents with only a week's notice. Additionally, the Debtor now has a conflict in the afternoon of November 15 that cannot be rescheduled. Finally, Kelly Remick's office (the Chapter 13 "**Trustee**") would like to attend the 2004 examination, but the 341 meetings of creditors for chapter 13 are also scheduled for the

morning of November 15. The Debtor respectfully requests a protective order directing that the 2004 examination be rescheduled to a date and time that works for all interested parties.

## Background

1. On August 10, 2022 (the "**Petition Date**"), the Debtor filed his voluntary petition for relief under Chapter 13 of Title 11, United States Code.

2. Wilmington and the Debtor agreed to the 2004 examination to take place on November 15, 2022. On week before the scheduled 2004 examination, on November 8, 2022, Wilmington filed its 2004 Exam Notice. The 2004 Exam Notice includes the following requests for documents (collectively, the "**Document Requests**"):

> 1. Complete copy of Your filed relating to the mortgage(s) of the real property located 3333 San Jose St., Clearwater, Florida 33759, Parcel ID#09-29-16-20826-000-1630, including but not limited to: the HUD-1, mortgage(s), applications, correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.
>
> 2. Complete copy of Your filed relating to the purchase of the real property located 700 N. Osceola Ave., #602, Clearwater, Florida 33755, including but not limited to: the HUD-1, mortgage(s), correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.
>
> 3. Complete copy of Your filed relating to the mortgage recorded on October 23, 2020 –instrument #2020318728 of the real property located 700 N. Osceola Ave., #602, Clearwater, Florida 33755, including but not limited to: the HUD-1, correspondence with the parties to the transaction including their representatives, correspondence or communication with the Debtors, checks issued, checks received, wire transfers (incoming and outgoing), title

policies issues, and any other records maintained by You with regard to this transaction without regard to time frame.

4.  All documents evidence the source of funds used to satisfy the mortgage related to instrument #2020308329 – Satisfaction of Mortgage.

5.  All documents evidencing the source of funds related to the purchase of the real property located at 700 N. Osceola Ave., #602, Clearwater, Florida 33755.

6.  A copy of the Stephen Ayoub Revocable Trust dated July 6, 2022.

7.  Copies of W-4 for the last two years.

8.  Copies of any agreements with Karama Juice Bar.

2004 Exam Notice pp. 6-7.

3. Wilmington did not inform the Debtor of its intent to seek documents before filing its 2004 Exam Notice.

4. Wilmington previously served its *First Request for Production of Documents to Debtor, Stephen J. Ayoub* on October 6, 2022. The Debtor produced documents and tendered his response to discovery requests on November 9, 2022. The Debtor's *Response to Secured Creditor's First Request for Production of Documents to Debtor, Stephen J. Ayoub* is attached as **Exhibit A**.

5. The Trustee has also indicated a desire to attend the 2004 examination and ask the Debtor questions, but she will be late to the 2004 examination due to the Trustee's prior scheduled 341 meetings of creditors in other chapter 13 cases.

## Arguments

Local Rule 2004-1(c) requires at least 21-day notice for the production of documents to the Debtor.

> The notice of examination may provide for the production of documents or electronically stored information in advance of the examination, but in no event shall the production of documents or electronically stored information be required less than 21 days from service of the notice of examination, unless otherwise agreed to by the parties or ordered by the Court.

The Document Requests are substantial. The 2004 Exam Notice seeks every document and communication related to the sale and purchase of both the real property located at 3333 San Jose Street (the "**3333 San Jose Property**") and the real property located at 700 N. Osceola (the "**Homestead**"). Additionally, the 2004 Exam Notice seeks documents related to the Debtor's income and his consulting work for Karama Juice Bar. It is impossible to locate, review, and produce those documents within the 7 days requested by the 2004 Exam Notice.

This Court should enter a protective order pursuant to L.R. 2004-1(c) because the 2004 Exam Notice does not provide a reasonable notice sufficient to allow the Debtor to locate and produce documents. Additionally, Trustee has indicated that she would like to attend the 2004 examination.

WHEREFORE, the Debtor respectfully requests the entry of an order: (i) directing Wilmington to reschedule the 2004 examination and (ii) providing for such other legal and equitable relief the Court deems just.

## **Certificate of Good Faith**

The Movant has conferred in good faith with counsel for Wilmington but did not reach an agreement related to the relief sought herein.

DATED November 14, 2022

                                                      */s/ Mark F. Robens*
                                                     Mark F. Robens (FBN 108910)
                                                     Stichter, Riedel, Blain & Postler, P.A.
                                                     110 East Madison Street, Suite 200
                                                     Tampa, Florida, 33602
                                                     Telephone: 813-229-0144
                                                     Email: mrobens@srbp.com
                                                     Attorneys for the Debtor

## **CERTIFICATE OF SERIVCE**

I HEREBY CERTIFY that on November 14, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which shall serve a copy on all parties receiving electronic noticing.

                                                      */s/ Mark F. Robens*
                                                    Mark F. Robens

# Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Chapter 13

STEPHEN J. AYOUB,  Case No. 8:22-bk-3226-MGW

    Debtor.
_____/

**DEFENDANT'S RESPONSE TO SECURED CREDITOR'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEBTOR, STEPHEN J. AYOUB**

Stephen J. Ayoub (the "**Debtor**"), pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), responds to the *Creditor's First Request for Production of Documents to Debtor, Stephen J. Ayoub* (the "**Requests**") filed by Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A (the "**Creditor**"), and states as follows:

**GENERAL OBJECTIONS**

1. The Defendant objects to each definition, instruction and Request to the extent it seeks information which is subject to the attorney-client privilege; information prepared in anticipation of litigation and not discoverable under the attorney work product doctrine; investigative privilege; the party communication privilege; or any other applicable privilege or immunity otherwise protected from disclosure under the Federal Rules of Civil Procedure and relevant case law.

2. The Defendant objects to each definition, instruction and Request to the extent it purports to require information that is not relevant to the issues at hand or to the extent it seeks

information not reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3. The Defendant objects to each definition, instruction and Request to the extent it purports to impose burdens in excess of those that allowed under the law, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules (Middle District of Florida) allow.

4. The Defendant objects to each Request to the extent that it is overly-broad, unduly burdensome, or oppressive. Complete answers to these Requests arguably would require review and production of numerous documents unrelated to this proceeding and would arguably require the compilation and tabulation of data in the possession and control of the proponent of the discovery, in excess of the burden contemplated by the applicable discovery Rules.

5. The Defendant objects to each definition and instruction to the extent it purports to assume or state a contested issue of fact or law or to set forth a legal conclusion.

6. The Defendant objects to each Request to the extent it invades the party communication privilege, witness statements privilege, the legitimate expectation of privacy, or to the extent the information sought is proprietary in nature and, therefore privileged.

7. All responses are made without waiving or intending to waive the right to objects on the grounds of: competency, privilege, relevance or materiality, or any other proper grounds, to the use of any information disclosed pursuant to the discovery Requests and any subsequent step or proceeding in this action or any other action.

8. The Defendant also reserves the right to objects on any and all grounds, at any time, to subsequent discovery procedures, involving or relating to the subject matter of each and every individual discovery Request set forth in any of the Trustee's discovery.

9. The Defendant reserves the right to supplement or amend his responses hereto to provide additional, non-privileged responsive documents or information to the extent they locate or identify same in the future, as discovery progresses in this matter.

### DEFINITION OF RECURRING OBJECTSIONS

10. Many responses require the same or similar objectsions. To avoid repeating detailed grounds for these objectsions ("**Objectsions**"), a general discussion of each Objectsion follows. The following general discussion is not intended to limit in any way the definition of a particular term under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, the Local Rules (Middle District of Florida), or under other applicable law.

   (a) *Work Product*: The Request seeks documents concerning actions taken by attorneys in preparation of this or other related or anticipated litigation; answers that constitute mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation; or answers which rely upon documents or other tangible things that were prepared in anticipation of litigation or for trial.

   (b) *Attorney-Client Privilege*: The Request seeks to obtain answers or documents protected from disclosure under established principles of the attorney-client privilege.

   (c) *Overly-Broad*: The Request as worded goes beyond the bounds of appropriate discovery.

   (d) *Vague or Ambiguous*: Even applying common sense definitions to the Request, its meaning is too indefinite or unclear to be capable of precise answers.

(e)     **Burdensome**: Given the nature of this proceeding and the amount in controversy, the Request is unduly burdensome and oppressive because of, by way of example, the detail required or the format described.

(f)     **Irrelevant**: The Request seeks an answer or documents that are outside the scope of discovery in this proceeding or are not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES AND OBJECTIONS TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     All tax returns for the Debtor for the last two years.

**Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

2.     All Financial Statements for the Debtor for the law two years

**Response**: None.

3.     Bank Statements for the Debtor for the last two Months.

**Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

4.     All appraisals for the Property.

**Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

5.     Proof of insurance of the Property.

**Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

6. All proof of payments of real property taxes for the Property for the last two years.

    **Response**: None.

7. All lease agreements for the Property for the last two years.

    **Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

8. All purchase and sale contracts for the Property for the last two years.

    **Response**: All documents in the possession of the Debtor that is responsive to this Request shall be produced.

DATED:  November 8, 2022

/s/Mark F. Robens
Stephen R. Leslie (FBN 000347)
Mark F. Robens (FBN 108910)
STICHTER, RIEDEL, BLAIN & POSTLER, P.A.
110 East Madison Street - Suite 200
Tampa, Florida 33602
Telephone: 813-229-0144
Facsimile: 813-229-1811
sleslie@srbp.com
mrobens@srbp.com
Attorneys for Stephen Ayoub

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically on November 8, 2022 to the Creditor.

/s/ Mark F. Robens
Attorney for Stephen Ayoub